# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Brian Thomas Balda,<br><br>Defendant. | No.   CR-24-01182-001-TUC-AMM (MAA)<br><br>**ORDER** |

On January 17, 2025, Magistrate Judge Michael A. Ambri issued a Report and Recommendation ("R&R") (Doc. 96) recommending this Court deny Defendant's Motion to Dismiss - Speedy Trial Violation (Doc. 66). The parties filed timely objections to the R&R, and Defendant filed a response to the Government's objections. (Docs. 100–102, 110.)[1] After an independent review of the parties' briefing and the record, the Court will overrule in part and sustain in part the parties' objections, and the Court will adopt the magistrate judge's recommendation to deny Defendant's motion.

## I.     STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court need not review "a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to

---

[1] The Government filed an objection to the R&R on January 29, 2025 (Doc. 101), and an amended objection on January 30, 2025 (Doc. 102). The Court will refer to the Government's amended objection.

those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The statute for review of a magistrate judge's recommendation "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Id.* at 154. If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

The Court has reviewed all briefing as well as the transcript of the motion hearing held before the magistrate judge on December 18, 2024. (Docs. 66, 77, 85-86, and 90.)

## II.     DISCUSSION

On February 16, 2024, Defendant Balda was arrested on a Complaint charging him with Cyberstalking in violation of 18 U.S.C. § 2261A(2). (Docs. 1, 5.) On February 20, 2024, he was initialed on the Complaint and detained pending trial. (Doc. 6) Defendant has been detained since that date. (Docs. 6, 79.) On March 13, 2024, a federal grand jury indicted Defendant on one count of Cyberstalking, as alleged in the Complaint, and one count of Interstate Stalking in violation of 18 U.S.C. § 2261A(1). (Doc. 15.) On April 5, 2024, Defendant was arraigned on the Indictment and entered a plea of not guilty. (Doc. 18.) Thereafter, Defendant Balda underwent competency evaluation and was ultimately found competent. (Docs. 19, 63.) Defendant Balda now asserts the Indictment must be dismissed due to violations of the Speedy Trial Act ("STA"). (Doc. 66.)

At issue in this case is when the STA clock starts if a defendant is arrested and initialed on a Complaint that charges him with one offense but is later charged by an Indictment containing both the original offense and a new offense. The parties further dispute excludable time calculations once the STA clock began to run regardless of its start date. Here, the magistrate judge found that two STA clocks apply, concluding the Cyberstalking charge clock started with the Indictment while the Interstate Stalking charge clock started at the arraignment. (Doc. 96 at 7.) The magistrate judge calculated forty-three days ran on the Cyberstalking clock and twenty days ran on the Interstate Stalking clock prior to Defendant's competency evaluation. (*Id*. at 7.) The magistrate judge further found

1  both clocks have been stopped continuously from April 26, 2024, to the present due to
2  excludable delay. (*Id*. at 10.) Regarding the transportation delay, the magistrate judge
3  determined that the Government failed to rebut the presumption of unreasonableness for a
4  total of twenty-six of the transport days. (*Id*. at 11.) The magistrate judge ultimately
5  concluded that the Cyberstalking clock is tolled at sixty-three days and the Interstate
6  Stalking clock is tolled at forty days. (*Id*. at 8–12.) The R&R recommends the Court deny
7  Defendant's motion because the seventy-day STA clock has not run on either charge. (*Id*.
8  at 13.)

9  Defendant objects to the R&R asserting that the time on the STA clock was
10 miscalculated by: (1) including May 1, 2024, as an excluded day; (2) starting the
11 transportation time to Los Angeles Metropolitan Detention Center ("MDC-Los Angeles")
12 on July 9, 2024, instead of on July 8, 2024;[2] (3) stopping the transportation time when
13 Defendant arrived at MDC-Los Angeles on August 7, 2024, instead of on August 8, 2024;[3]
14 (4) starting the return transportation time from MDC-Los Angeles on September 18, 2024,
15 instead of on September 17, 2024; (5) excluding three days from the clock instead of two
16 days for Defendant's hospital stay from October 1, 2024, through October 3, 2024;[4] (6)
17 excluding time between the filing of the motion to withdraw through the Court's decision
18 on the motion; and (7) using two STA clock start dates for the Cyberstalking charge and
19 the Interstate Stalking charge. (Doc. 100 at 2–5.)

20 The Government concurs with the magistrate judge's recommendation to deny
21 Defendant's Motion to Dismiss, but objects to the use of two separate STA clocks in its
22 analysis. (Doc. 102 at 2.) The Government asserts that only one STA clock applies to
23 Defendant's two-count indictment. (*Id.*) The Government also objects to the finding that
24 the Government did not rebut the presumption of unreasonableness for a total of twenty-

---

[2] The R&R uses July 8, 2024, as the start date for Defendant's transportation to MDC-Los Angeles. (Doc. 96 at 5.)
[3] Defendant concedes that "[t]he arrival date at the examination site . . . is either August 7, 2024, or August 8, 2024." (Doc. 100 at 2–3.) The R&R uses August 7, 2024, as the date of arrival at MDC-Los Angeles. (Doc. 96 at 6.)
[4] Defendant testified that he was in the hospital three days, from October 1, 2024, through October 3, 2024. (Doc. 90 at 34:16–21.)

six days of transport time. (*Id.* at 7–8.)

## A. Background and Factual Record

The parties did not object to the R&R's background and factual record. After review, the Court adopts the R&R's background and the factual record.

## B. Transportation Time

After de novo review of the record and the briefing on the issue, the Court adopts the magistrate judge's finding that Defendant's transportation time to MDC-Los Angeles began on July 8, 2024, and concluded upon arrival on August 7, 2024, and Defendant's return transportation time to the Central Arizona Florence Correctional Facility ("CCA-Florence") began on September 18, 2024, and concluded upon arrival on October 7, 2024. Defendant's objections are overruled.

## C. Speedy Trial Act 70-day Clock

The Court next considers (1) whether two 70-day STA clocks apply in this case to separately measure the time on the Cyberstalking charge and the Interstate Stalking charge, and (2) what date started the clock(s). As discussed below, because no superseding indictment was filed, the Court finds that only one STA clock applies. Further, because Defendant first appeared before a judicial officer for an offense in the charging district, and was later indicted on that offense, the 70-day STA clock started at Indictment.

### i. One STA Clock Applies

In the R&R, the magistrate judge applied the Ninth Circuit's reasoning in *United States v. Thomas*, 726 F.3d 1086 (9th Cir. 2013), to determine that the 70-day clock on the Cyberstalking charge started on the date the Indictment was filed, while the clock on the Interstate Stalking charge started on the date of the arraignment. (Doc. 96 at 7.) Both parties object to this finding, asserting that the newly added Interstate Stalking charge in the Indictment does not trigger a separate STA clock. (Doc. 100 at 5; Doc. 102 at 2.) In *Thomas*, the Court determined that the filing of a superseding indictment triggers the start of a new STA clock when the charges in the superseding indictment are not required to be joined with the original charges. 726 F.3d at 1091. This guidance appears to be applied in

cases involving superseding indictments. Here, no superseding indictment was filed.

The STA establishes two distinct time requirements: (1) an indictment must be filed within 30 days of a defendant's arrest;[5] and (2) a defendant charged in an indictment must be brought to trial within 70 days of the indictment or of the defendant's appearance before a judicial officer, whichever date is later. *See* 18 U.S.C. §§ 3161(b)–(c)(1).

Under the second time requirement, the STA states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

*Id.* § 3161(c)(1). The 70-day clock is not triggered until a defendant is charged in an information or indictment. While the Government filed a Complaint on February 15, 2024, charging Defendant with one count of Cyberstalking in violation of 18 U.S.C. § 2261A(2), the Complaint is insufficient to prosecute Defendant, and an indictment is required. Fed. R. Crim. P. 7(a)(1) (a felony offense must be prosecuted by an indictment if punishable by death or by imprisonment for more than one year). The Indictment triggering the start of the 70-day requirement was filed on March 13, 2024, which charged Defendant on both counts currently pending: Cyberstalking and Interstate Stalking. No superseding indictment was filed. Therefore, the Court finds that only one 70-day clock applies in this case. The Court will sustain the parties' objections on this issue.

### ii. The 70-day STA Clock Started with the Indictment—March 13, 2024

Defendant asserts that because he initially appeared before a magistrate judge on February 20, 2024, the date the Indictment was filed would be the later of the two dates

---

[5] Under the first requirement, the STA establishes that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The parties do not dispute that the 30-day requirement was met when the Indictment was filed on March 13, 2024—26 days after Defendant was arrested on February 16, 2024.

1  and the proper start of the clock. (Docs. 86, 100, 110.) The Government posits that the
2  clock starts on the date of the arraignment because Defendant initially appeared only on
3  the charge of Cyberstalking alleged in the Complaint, and the first time Defendant appeared
4  on both charges presented in the Indictment was at his arraignment on April 5, 2024. (Doc.
5  102 at 2–4; Doc. 85.)

Under Section 3161(c)(1), two dates are relevant for determining when the 70-day STA clock starts: the date the indictment is publicly filed and the date the defendant appears before a judicial officer. *United States v. Layfield*, 96 F.4th 1095, 1097 (9th Cir. 2024) ("Under the clear language of § 3161(c)(1), only two events could trigger [a defendant's] seventy-day speedy trial clock: (1) the . . . public filing of the indictment or (2) [the defendant's] . . . first appearance before a judge in the [charging district]."). The Ninth Circuit has consistently held that a defendant's appearance before a judicial officer must be in the charging district. *Id.* at 1099; *United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994) (defendant who appeared before a magistrate judge in the Central District of California on a three-count complaint filed in the Northern District of California, and who was later indicted on two of the three charges in the Northern District, did not appear for § 3161(c)(1) purposes until he appeared in the Northern District); *United States v. Wilson*, 720 F.2d 608, 609 (9th Cir. 1983) (defendant's initial appearance before a judicial officer in the District of Alaska did not start the 70-day clock for an information filed in the Central District of California, even when the case was later transferred to the District of Alaska).

It follows that when a defendant initially appears before a judicial officer of the district where the complaint is filed, the charges in a later filed indictment do not need to be identical to those the defendant initially appeared on for purposes of § 3161(c)(1). The plain reading of the statute does not suggest otherwise.[6] The Ninth Circuit has made clear that "[w]hen the defendant is arrested prior to indictment, and makes an initial appearance

---

[6] Cases cited in the Government's briefing do not conclude otherwise. *See, e.g., United States v. Hardeman*, 249 F.3d 826, 827 (9th Cir. 2000); *United States v. Nash*, 946 F.2d 679, 680 (9th Cir. 1991); *United States v. Alvarez-Perez*, 629 F.3d 1053 (9th Cir. 2010); *United States v. Hoslett*, 998 F.2d 648 (9th Cir. 1993); *United States v. Butz*, 982 F.2d 1378 (9th Cir. 1993).

before a magistrate who orders him held to answer the charges in the district court, the seventy-day period runs from the date of his indictment." *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982).

Here, Defendant was arrested on February 16, 2024, and initially appeared before a magistrate judge on February 20, 2024. Defendant was subsequently detained and has been detained since that date. Given consistent Ninth Circuit precedent and considering Defendant's almost one-year detention, the Court finds that Defendant's initial appearance before a judicial officer in the charging district was on February 20, 2024. Because the Indictment was filed and made public on a later date—March 13, 2024—the Indictment starts Defendant's 70-day STA clock. The Court will sustain Defendant's objections and overrule the Government's objections on this issue.

### D. Time on the Clock Before Transportation

After de novo review of the parties' briefing and of the record, that Court finds that 41 days ran on Defendant's STA clock from the day after the filing of the Indictment, to when Defendant was committed to the custody of the Attorney General for a competency evaluation.[7] The parties' objections are overruled.

### E. Reasonableness of the Excess Transportation Time

After de novo review of the parties' briefing and of the record, the Court adopts the magistrate judge's finding that the Government failed to rebut the presumption of unreasonableness for twenty of the transportation days to MDC-Los Angeles and for six of the nine days of the return trip. The Court also adopts the magistrate judge's reasoning that because the clock was tolled by a pretrial motion during the return trip, those days are excluded. The parties' objections are overruled.

///

---

[7] Twenty-two days ran from the day after the Indictment to April 4, 2024, the day before arraignment. The day of arraignment on April 5, 2024, is excluded. *See Haiges*, 688 F.2d at 1274. Nineteen days ran from the day after arraignment to the day before the Motion for Determination of Counsel (Doc. 19) was filed on April 26, 2024. The days from when a motion is filed through the day when the Court decides the motion is excluded. *See* 18 U.S.C. § 3161(h)(1)(D); *United States v. Daychild*, 357 F.3d 1082, 1093–94 (9th Cir. 2004). The clock was tolled from April 26, 2024, through July 8, 2024, due to excludable delay, as explained in the R&R.

**F. Time Left on the Speedy Trail Clock**

After de novo review of the parties' briefing and of the record, the Court adopts the magistrate judge's finding as to the days remaining on the STA clock, with the following modifications. The Court finds the STA clock is tolled at sixty-one (61) days, leaving nine (9) days for trial. The parties' objections are overruled.

**III.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that the parties' objections to the Report and Recommendation are **SUSTAINED in part** and **OVERRULED in part.** (Docs. 100–102, 110.)

**IT IS FURTHER ORDERED** that the Report and Recommendation is **ADOPTED in part, MODIFIED in part, and REJECTED in part**. (Doc. 96.)

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss on Speedy Trial is **DENIED**. (Doc. 66.)

Dated this 14th day of February, 2025.

Honorable Angela M. Martinez
United States District Judge