TIMOTHY COURCHAINE
United States Attorney
District of Arizona
LIZA M. GRANOFF
Florida Bar No.: 0159433
JOSH A. C. ACKERMAN
Arizona Bar No.: 020088
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: liza.granoff@usdoj.gov
Email: josh.ackerman@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-24-1182-TUC-AMM (MAA) |
| Plaintiff, | |
| vs. | GOVERNMENT'S SUPPLEMENT TO MOTION TO QUASH |
| Brian Thomas Balda, | |
| Defendant. | |

On March 27, 2025, at the Final Pretrial Conference, defense counsel orally moved for a deposition of Person A under Rule 15. The Court ordered defense counsel to file his written request with supportive facts and caselaw by close of business the same day. The Court also ordered the government to file a supplemental pleading addressing the request for a deposition and the compulsory process.

At the hearing, defense counsel gave only two reasons for needing Person A's testimony. The first reason was for improper impeachment purposes. The second stated reason was because he wanted to ask the witness questions regarding an unidentified threats case unrelated to the current charges, which involve stalking and cyberstalking, not threats. Neither stated reason reaches the level required for using the compulsory process sought here and will not lead to admissible evidence.

The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense through the Sixth Amendment's compulsory process language or through the Fifth Amendment's due process clause. See, *United States v. Stever,* 603 F.3d 747, 755 (9th Cir. 2010); U.S. Const. Amends. 5, 6. To determine whether there is a violation of the Sixth Amendment's compulsory process provision or the Fifth Amendment's right to due process, the defendant must show: 1) the presence of bad faith, and 2) that the testimony of Person A is material and favorable to his defense. *United States v. Leal-Del Carmen,* 697 F.3d 964, 969-70 (9th Cir. 2012).

Person A is currently suffering from serious deteriorating health conditions that render him unable to travel for trial. These health conditions are now affecting his ability to communicate and his ability to understand what is communicated to him.[1] These conditions are further exacerbated under stress and in an adversarial process.[2] There is no bad faith on the part of the Government or Person A in stating that Person A is unavailable for trial or deposition testimony. In fact, the information available demonstrates the opposite. The defendant cannot meet the first element to show a violation of the compulsory process provision of the Sixth Amendment.

Similarly, the defendant cannot meet the second prong to show a violation of the compulsory or due processes. While Person A's testimony is material to prove the government's case, the reasons provided by the defense for calling Person A as a witness is for improper impeachment purposes and inadmissible, irrelevant evidence. Therefore, the defense cannot meet the second prong to show a violation of the compulsory process or due process rights.

\\

\\

---

[1] Following today's court proceedings, government counsel contacted Person A and Person A's family and confirmed the difficulties Person A is experiencing as described herein.

[2] Given the Court's deadline, we can supplement this filing with additional information or declarations if requested by the Court.

The Court should deny the defendant's motion for Rule 15 deposition.

Respectfully submitted this 27th day of March 2025.

        TIMOTHY COURCHAINE
        United States Attorney
        District of Arizona

        *s/Liza M. Granoff*

        LIZA M. GRANOFF
        JOSH A. C. ACKERMAN
        Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 27th of March 2025 to:

All ECF Recipients