**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01182-001-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| Brian Thomas Balda, | |
| Defendant. | |

Pending before the Court is Defendant Brian Balda's Motion to Dismiss Indictment: Statute Unconstitutional as Applied. (Doc. 113.) The motion is fully briefed. (Docs. 118, 120.) For the reasons discussed below, the Court will deny the motion.

**I.   Background**

On March 13, 2024, Defendant was charged by Indictment with one count of Cyberstalking in violation of 18 U.S.C. § 2261A(2) and one count of Interstate Stalking in violation of 18 U.S.C. § 2261A(1). (Doc. 15.) The Indictment alleges that from early 2023 to on or about February 16, 2024, Defendant "conducted a campaign of harassment and intimidation directed at ["Person A"]" via the telephone and internet messages, culminating in Defendant's interstate travel from Oregon to Arizona. (*Id.* at 1–4.) Defendant seeks dismissal of the Indictment because § 2261A—as applied—violates his First Amendment right to free speech. (Doc. 113.) Defendant does not raise a facial challenge to the statute.

**II.   Discussion**

Defendant asserts that his alleged speech, which forms the basis of the charges in

the Indictment, is protected by the First Amendment because it is "pure communication–mostly written but also spoken" and does not amount to a "true threat" or to "speech integral to criminal conduct." (*Id.* at 3–4.) Defendant further argues that his First Amendment protections are heightened because his statements were "directed at a public figure and concern the private ramifications of ["Person A's"] public acts." (*Id.* at 5.) The Government opposes dismissal and argues that because Defendant's speech was "speech integral to criminal conduct," it is not protected by the First Amendment. (Doc. 118 at 1.)

### A. **Defendant's Alleged Speech was Tethered to Conduct Integral to Criminal Conduct.**

Here, Defendant's as-applied challenge is unpersuasive given the nature and context of the speech at issue. The First Amendment prohibits any law "abridging the freedom of speech[.]" U.S. Const. amend I. "However, the Supreme Court has carved out some limited categories of 'unprotected' speech, including 'obscenity, defamation, fraud, incitement, and speech integral to criminal conduct.'" *United States v. Meredith*, 685 F.3d 814, 819 (9th Cir. 2012) (quoting *United States v. Stevens*, 559 U.S. 460, 468–69 (2010)), *cert. denied*, 568 U.S. 993 (2012) *sub. nom., Giordano v. United States*. At issue in this case is "speech integral to criminal conduct," which the Supreme Court has long maintained does not enjoy First Amendment protections. *See Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949); *Stevens*, 559 U.S. at 468–69 (speech integral to criminal conduct is one of the "well-defined and narrowly limited classes of speech" that can be proscribed without implicating the First Amendment). "Specific criminal acts are not protected speech even if speech is the means for their commission." *Packingham v. North Carolina*, 582 U.S. 98, 107 (2017). "[I]n those instances, where speech becomes an integral part of the crime, a First Amendment defense is foreclosed even if the prosecution rests on words alone." *United States v. Osinger*, 753 F.3d 939, 946 (9th Cir. 2014) (quoting *Meredith*, 685 F.3d at 820) (citation omitted).

Section 2261A proscribes harassing and intimidating conduct by criminalizing "acts [that] are tethered to the underlying criminal conduct and not to speech." *Id.* at 944.

Specifically, the statute states that whoever—

> (1) travels in interstate or foreign commerce . . . with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel . . . engages in conduct that – (A) places that person in reasonable fear of the death of, or serious bodily injury to – (i) that person; . . . or (B) causes, attempts to cause, or would be reasonably be expected to cause substantial emotional distress . . . ; or
> (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that – (A) places that person in reasonable fear of the death of or serious bodily injury to a person . . . or (B) causes, attempts to cause, or would be reasonably be expected to cause substantial emotional distress to a person . . . shall be punished as provided in section 2261(b) or section 2261B . . . .

18 U.S.C. § 2261A. Further, "course of conduct" is defined as "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." *Id.* § 2266(2).

The Ninth Circuit, as well as several other Courts of Appeals, have rejected as-applied First Amendment challenges to § 2261A. *See, e.g.*, *Osinger*, 753 F.3d at 946–48 ("Any expressive aspects of Osinger's speech were not protected under the First Amendment because they were 'integral to criminal conduct' in intentionally harassing, intimidating or causing substantial emotional distress to V.B."); *United States v. Petrovic*, 701 F.3d 849, 854–55 (8th Cir. 2012) (defendant's communications "were integral to this criminal conduct as they constituted the means of carrying out his extortionate threats"); *United States v. Shrader*, 675 F.3d 300, 312 (4th Cir. 2012) (defendant's "own words evince his intent to cause 'substantial emotional distress'"); *United States v. Gonzalez*, 905 F.3d 165, 193 (3d Cir. 2018) (defendant's speech was unprotected as speech integral to criminal conduct because it "served no legitimate purpose other than to harass and intimidate Belford").

Here, Defendant's as-applied challenge is similarly unavailing. Defendant allegedly engaged in a course of conduct as prohibited by § 2261A when he directly contacted "Person A" with the intent to harass, intimidate, or cause substantial emotional distress. Defendant's alleged conduct involves numerous telephonic and electronic contacts with "Person A" wherein, for example, Defendant allegedly told "Person A" "[i]t's a great day to DIE [ . . . ]" and "You're an asshole[,] and I think you should pay for what you did." (Doc. 15 at 2.) Based on the content, number, and frequency of these contacts, and Defendant's stated reason for traveling to Arizona from Oregon, a reasonable jury could find that Defendant intended to harass or intimidate "Person A," and that Defendant placed "Person A" in reasonable fear or "Person A" suffered substantial emotional harm. Defendant's speech itself is not the subject of the Indictment, but rather Defendant's alleged targeting of "Person A" via phone call, voicemail, and messaging, with the intent to harass. Any related speech or expressive conduct is incidental to that underlying alleged criminal conduct and is thus unprotected by the First Amendment.

### B. **Defendant's Speech to "Person A" Does Not Enjoy Heightened First Amendment Protections.**

Defendant also seeks dismissal of the Indictment on the basis that his alleged speech to a public figure enjoys "enhanced" First Amendment protections. (Doc. 113 at 3.) Defendant's argument is both legally and factually insufficient.

First, the cases Defendant cites do not support his argument that the status of "Person A" as a retired U.S. senator enhances Defendant's First Amendment protections. As discussed above, § 2261A proscribes Defendant's alleged acts that are tethered to *conduct*, not speech. *Osinger*, 753 F.3d at 944. While the Eighth Circuit has questioned the constitutionality of § 2261A when applied to a "defendant who directs speech on a matter of public concern to a political candidate with intent merely to trouble or annoy the candidate," it acknowledged that if "the government . . . identif[ies] sufficient evidence for a jury to find that [the defendant] acted with intent to 'harass' or 'intimidate' . . . that [speech] is *not protected* under the First Amendment." *United States v. Sryniawski*, 48

F.4th 583, 587 (8th Cir. 2022) (emphasis added). Thus, because Defendant's alleged conduct meets the requirements of § 2261A, it is not subject to First Amendment protection much less any "heightened" First Amendment protections.

Second, even if "Person A's" status as a public figure mattered for purposes of the § 2261A analysis—which it does not—Defendant's alleged statements are unrelated to "Person A" in his capacity as a public figure and do not relate to matters of public concern. Speech on matters of public concern relate to "political, social, or other concern to the community," or is "a subject of general interest and of value and concern to the public." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (citation omitted). Whether speech addresses a matter of public or private concern turns on the "content, form, and context" of the speech. *Id.* While Defendant asserts that his statements to "Person A" were "directed at a public figure and concern the private ramifications of his public acts" (Doc. 113 at 5), a review of the alleged statements suggest otherwise. Notably, while Defendant's alleged statements may have referenced the fact that "Person A" previously served on various committees or boards, the statements themselves do not directly address any matters of political, social, or public concern. Instead, as Defendant himself has acknowledged, his purpose in seeking to speak with "Person A" was to "seek[] information on [Defendant's] origin, who [Defendant's] birth parents are." (Doc. 120 at 3.) Thus, the content, form, and context of Defendant's alleged statements do not relate to matters of public concern and do not enjoy any "heightened" First Amendment protection simply because they were made to or about a public figure.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Brian Balda's Motion to Dismiss Indictment: Statute Unconstitutional as applied is **DENIED**. (Doc. 113.)

Dated this 28th day of March, 2025.

Honorable Angela M. Martinez
United States District Judge