**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-24-01182-001-TUC-AMM |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Brian Thomas Balda, | |
| Defendant. | |

Pending before the Court is Defendant Brian Balda's Motion for Deposition of the Victim/Witness. (Doc. 167.) Defendant seeks to depose "Person A," the alleged victim in this case, pursuant to Rule 15 of the Federal Rules of Criminal Procedure and the Confrontation Clause of the Sixth Amendment.[1] (*Id.* at 1.) The Government opposes the motion asserting that "Person A" is unavailable for deposition due to medical incapacity. (Doc. 184.) Defendant did not file a reply to the Government's response or otherwise seek to challenge the medical record before the Court. For the reasons stated herein, the Court will deny the motion.

**I.   Brief Procedural Background**

Defendant Balda is charged with one count of Interstate Stalking "Person A" and one count of Cyberstalking "Person A" in violation of 18 U.S.C. §§ 2261A(1) and 2261A(2). (Doc. 15.) On March 4, 2025, the Government noticed "Person A" as a trial

---

[1] Defendant also asserts his Sixth Amendment right to a compulsory process (*Id.* at 3), which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI.

witness for the March 31, 2025 trial set in this matter. (Doc. 122.) Shortly thereafter, however, on March 10, 2025, the Government informed Defendant that "Person A" was no longer available to testify at trial due to medical incapacity. (Doc. 127 at 1.) Defendant sought and received a Rule 17(b) trial subpoena for "Person A" arguing that the Government had failed to adequately support its position that "Person A" was medically unavailable particularly considering the relevant and material nature of the anticipated testimony. (Doc. 146.) In its responsive motion to quash, the Government provided a signed declaration by "Person A" and a letter from "Person A's" physician describing the significant medical impairments that precluded "Person A" from traveling to testify at trial.[2] (Docs. 164-1, 166.) After hearing argument, the Court found that "Person A" was medically unavailable to testify at trial and granted the Government's motion to quash, which Defendant did not oppose. (Doc. 168.)

However, because the motion to quash was silent as to "Person A's" mental acuity, ability to speak, or ability to otherwise be deposed, on March 27, 2025, Defendant moved pursuant to Rule 15 to depose "Person A" to preserve "Person A's" testimony at trial.[3] (Doc. 167.) Weighing the significance of Defendant's Sixth Amendment right to a compulsory process, the Court vacated the March 31, 2025 trial to allow briefing on the matter. (Doc. 175.) On April 8, 2025, the Government filed its supplemental declaration as to "Person A's" unavailability to be deposed, which included a signed letter from "Person A's" treating physician describing "Person A's" diminished mental and physical condition and concluding that "Person A" "is not mentally or physically capable to testify, even in an at home deposition." (Doc. 184-1 at 2.)

**II.   Discussion**

Pursuant to Federal Rule of Criminal Procedure 15(a)(1), on a party's motion for a prospective witness to be deposed to preserve testimony for trial, "[t]he court may grant

---

[2] At oral argument on the motion, Government counsel indicated that "Person A" was willing to testify but was medically prohibited from appearing at trial. (Doc. 175.)
[3] Through counsel, Defendant agreed to waive his right to be present at the deposition and to forgo a videotaped deposition to promote and preserve the privacy and dignity of "Person A." (Doc. 168.)

the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). "The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (internal quotations omitted). In determining whether to grant the motion, the court may consider: "(1) the prospective unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witness's presence at trial; (3) a demonstration by the movant that the expected testimony would be favorable; and (4) whether the deponent would be available for deposition and willing to testify." *United States v. Lewis*, No. CR-20-00045-PHX-DGC, 2021 WL 2401408 at *2 (D. Ariz. June 11, 2021) (citing *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995)); *see also United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000) ("[T]he district court must consider, among other factors, whether the deponent would be available at the proposed location for deposition and would be willing to testify.").

Here, the first three factors have been satisfied. The Court found that "Person A" was unavailable to testify at trial due to significant medical complications preventing "Person A" from traveling. Because of this, the Court granted the Government's motion to quash Defendant's subpoena of "Person A," which Defendant sought in good faith after receiving the Government's notice that it no longer intended to call "Person A" as a witness just three weeks before trial. Further, Defendant asserts that "Person A's" testimony is favorable to the defense because it would undermine the Government's requisite showing that Defendant caused "Person A" substantial emotional distress.

Nevertheless, the fourth factor weighs heavily against granting the motion. The medical evidence before the Court supports a finding that "Person A" is physically and mentally unavailable to be deposed due to acute and chronic medical impairments. (Doc. 184-1 at 2.) Defendant does not challenge these medical findings or otherwise argue a basis to proceed with deposition under these circumstances. Because "Person A's" chronic illness substantially impedes "Person A's" ability to speak, hear, and respond with mental

clarity, and because "Person A" cannot undergo the deposition without significant risk to "Person A's" health, it is not in the interest of justice to grant the deposition. Defendant's right to compel "Person A's" testimony is outweighed by the Court's finding that "Person A" is unavailable to testify. *See Chambers v. Mississippi*, 410 U.S. 284, 295 (1973) (noting that a Defendant's Sixth Amendment right to a compulsory process is not absolute and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process"); *see also Taylor v. Illinois*, 484 U.S. 400, 410–11 (1988) (the right to compulsory process is not absolute).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Deposition of the Victim/Witness is **DENIED**. (Doc. 167.)

Dated this 12th day of April, 2025.

_____
Honorable Angela M. Martinez
United States District Judge