**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Brian Thomas Balda,<br><br>          Defendant. | No. CR-24-01182-001-TUC-AMM<br><br>**ORDER** |

Pending before the Court is the Government's intent to introduce "Person A's" statements as hearsay admissible under Rule 803(3)'s "state-of-mind" exception.[1] Fed. R. Evid. 803(3). The Government seeks to admit "Person A's" alleged statements via Rule 803(3) because "Person A" is unavailable to testify at trial or otherwise be deposed pursuant to Federal Rule of Criminal Procedure 15 due to medical reasons. The matter is fully briefed (Docs. 178, 180), and the Court heard argument at the Pretrial Conference held on June 6, 2025. Having considered the statements, the Court will sustain Defendant's objections in part and reserve ruling on the remaining statements.

Hearsay is an out of court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Rule 803(3)'s exception to hearsay allows statements to be admitted that go to the declarant's "then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as a mental feeling, pain, or bodily health)." *Id.* at 803(3) (the Rule applies "regardless of whether the declarant is available as a

---

[1] "Person A" is the alleged victim in this matter.

witness"). Although statements not offered for the truth of the matter asserted are admissible as non-hearsay, *see United States v. Shen Zhen New World I, LLC*, 115 F.4th 1167, 1188 (9th Cir. 2024) (testimony that the defendant thought he was "not doing anything wrong" and that they "were just having fun" was "probative not as to the truth of these statements but whether [the defendant] *felt* culpable in his interactions"), Rule 803(3) excludes statements "of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3); *United States v. Emmert*, 829 F.2d 805, 810 (9th Cir. 1987) (Rule 803(3) "narrowly limit[s] admissible statements to declarations of condition—'I'm scared'—and not belief—'I'm scared because Galkin threatened me.'" (quoting *United States v. Cohen*, 631 F.2d 1223, 1225 (5th Cir. 1980))); *Shen Zhen*, 115 F.4th at 1188 (the "factual basis" for defendant's mindset was inadmissible under Rule 803(3)).

Here, the Government seeks to admit four statements pursuant to Rule 803(3)'s state-of-mind exception, which it contends "Person A" made about Defendant within "either hours or within the day" of allegedly receiving messages from him. (Doc. 178 at 3.) The Government seeks to elicit these statements at trial through the testimony of "Person B"—"Person A's" son.[2] (*Id.* at 2.) The statements include: (1) "[H]e sounds violent," (2) "[H]e sounds unstable," (3) "I'm concerned about this guy," and (4) "[I]t sounds dangerous, he sounds pretty scary." (*Id.* at 3.) The Government characterizes these as "sensory state of mind statements" and asserts they are admissible hearsay under Rule 803(3) because they are probative of "Person A's" emotional state of mind at the time "Person A" allegedly received the messages from Defendant. (*Id.*) The Government argues the statements reflect "Person A's state of mind regarding his assessment of the defendant" and are relevant to prove the third element of each charged offense that "the defendant caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to 'Person A.'" (*Id.* at 4.) Defendant objects to these statements as hearsay

---

[2] The Government also lists several generalized anticipated testimony topics for "Person B" that it argues are non-hearsay. (Doc. 178 at 3.) Although it is unclear how the Government will introduce some of the anticipated testimony from "Person B" without running afoul of the rule against hearsay, the Government does not present such testimony for admission under Rule 803(3), and therefore the Court will reserve ruling.

inadmissible under Rule 803(3) because they are "observations and conclusions" and do not qualify as a "state of mind" or "condition" of the declarant. (Doc. 180 at 3.)

The Court is cognizant of the three factors bearing on the "foundational inquiry on admissibility" under Rule 803(3): "contemporaneousness, chance for reflection, and relevance." *See United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir. 1980), *overruled on other grounds by United States v. DeBright*, 730 F.2d 1255 (9th Cir. 1984) (en banc). Here, however, for statements one, two, and four, the Court need not so inquire because these statement, on their face, do not qualify as the declarant's mental, emotional, or physical condition. Rather, these statements reflect, as the Government itself concedes, "Person A's" assessment of Defendant. (Doc. 178 at 4.) "Person A's" thoughts or opinions about another person do not qualify as "Person A's" mental or emotional condition for purposes of Rule 803(3). The Government's attempt to introduce the statements as "Person A's" belief (that Defendant sounds violent, unstable, scary) to prove the fact believed (that Defendant caused "Person A" substantial emotional distress) is improper. *See United States v. Sayakhom*, 186 F.3d 928, 937 (9th Cir. 1999), *amended by* 197 F.3d 959 (9th Cir. 1999) (defendant's "attempt to introduce statements of her belief (that she was not violating the law) to prove the fact believed (that she was acting in good-faith) is improper"); *United States v. Fontenot*, 14 F.3d 1364, 1371 (9th Cir. 1994) (defendant's statement to the witness that "[t]hey are going to kill [defendant's wife]" was inadmissible when offered to demonstrate that defendant "*believed* his and [his wife's] lives were in danger"). As presented, statements one, two, and four are inadmissible under Rule 803(3). Defendant's objections to these statements are therefore sustained.

As to statement three, the Court will reserve ruling. (Doc. 178 at 3–4.) In statement three, "Person A's" statement that "I'm concerned . . ." may reflect his state of mind as to his emotional condition if the foundational aspects of Rule 803(3) are met; however, the "about this guy" would be precluded. *See Shen Zhen*, 115 F.4th at 1188 (the "factual basis" for defendant's mindset was inadmissible under Rule 803(3)). Nevertheless, the Court is compelled to reserve ruling on this issue because the Government has failed to provide the

necessary foundational context to complete the analysis. Namely, the Government's generalized assurance that this statement was made "contemporaneously" is inadequate.

Accordingly,

**IT IS ORDERED** that Defendant's objections to the Government's following anticipated testimony for admission under Federal Rule of Evidence 803(3) are **SUSTAINED**:

1. "[H]e sounds violent;"
2. "[H]e sounds unstable;" and
3. "[I]t sounds dangerous, he sounds pretty scary."

**IT IS FURTHER ORDERED** that the Court shall reserve ruling on the remaining anticipated testimony proffered by the Government as to "Person B."

Dated this 9th day of June, 2025.

_____
Honorable Angela M. Martinez
United States District Judge