TIMOTHY COURCHAINE
United States Attorney
District of Arizona
LIZA M. GRANOFF
JOSH A.C. ACKERMAN
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: liza.granoff@usdoj.gov
Email: josh.ackerman@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States America, | CR 24-01182-TUC-AMM (MAA) |
|---|---|
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENCE REPORT AND SENTENCING MEMORANDUM |
| Brian Thomas Balda, | |
| Defendant. | |

The United States hereby responds to the defendant's objection to the presentence report ("PSR") (Doc. 221) and submits its sentencing memorandum on this matter. Sentencing is scheduled on September 4, 2025, before the Court.

I.  Response to PSR Objection

The United States concurs with the calculations contained in the PSR determining the defendant's Total Adjusted Offense Level as 22, and his placement in Criminal History Category (CHC) I. The probation officer correctly assessed sentencing enhancements for: 1) the defendant's possession of multiple knives and a replica Sig Sauer airsoft pistol that looked like a real firearm, and 2) his pattern of conduct given the jury's finding of guilt for both cyberstalking (18 U.S.C. § 2261A(2)) and interstate stalking (18 U.S.C. § 2261A(1)). If anything, the defendant's placement in CHC I grossly underrepresents the defendant's decades-worth of ongoing criminal activity. The Court should therefore adopt the guideline

calculations in the PSR but should impose a sentence within the guideline range of 51 months in prison. The United States believes that a sentence of two terms of 51 months in prison will meet the objectives of both the statutory and the sentencing schemes. The reasons for the sentencing request will be fully outlined in the following section. First, the United States will address the proposed sentencing enhancements in the PSR.

The applicable sentencing guideline section for both offenses is captured in U.S.S.G. § 2A6.2. This guideline is titled, "Stalking or Domestic Violence." The guideline section thus applies to criminal activity involving either a single instance of domestic violence or a pattern of stalking behavior. For either type of criminal activity, the base offense level is the same: 18. The next subsection, (b), encompasses five separate sentencing enhancements that could apply depending on factual circumstances and differ case by case. Of the five separate enhancements that exist, the defendant's conduct in this case merits the application of two separate enhancements. One of the enhancements is for his possession of dangerous weapons, under U.S.S.G. § 2A6.2(b)(1)(D). The other enhancement is for his pattern of conduct against the victim, under U.S.S.G. § 2A6.2(b)(1)(E). Because more than one enhancement applies, the guideline section allows the Court to apply four extra levels to the defendant's base offense calculation. That brings the defendant's adjusted offense level to 22.  The Court can and should easily impose both enhancements based on the facts, the jury findings, and the law.

A. <u>U.S.S.G. § 2A6.2(b)(1)(D) – possession or threatened use of a dangerous weapon.</u>

The evidence at trial showed, and the jury found, that the defendant engaged in almost a year-long pattern of harassment and intimidation against the victim that culminated in the defendant's travel from Oregon to Tucson to confront the victim because the defendant erroneously believed the victim could answer questions regarding the defendant's birth. The defendant continued to send abusive and harassing electronic messages and voicemails to the victim and ultimately warned the victim he was on his way to Tucson and looking for the victim. The victim was terrified of what the defendant would do if the defendant found the victim. The defendant was arrested one day later and

approximately one mile from the victim's home. The defendant was in possession of four separate knives and a replica gun.

Despite the defendant's arguments in his objection to the PSR, common sense dictates that the Court must assess the dangerous weapon enhancement. The plain language of the sentencing guideline states that if the defendant "possessed" dangerous weapons during his commission of the offense, the enhancement applies. The defendant traveled from Oregon to Tucson and planned to confront the victim while in Tucson. The defendant admitted to that on the stand at trial. The fact that the defendant lived out of his car and had four knives in his car while he was driving near the victim's home and had called the victim less than 24 hours prior to his arrest warning the victim the defendant was looking for him shows the defendant possessed those knives when he was stalking the victim. The defendant therefore possessed the knives while he was cyberstalking the victim. The enhancement clearly applies to the facts of this case. The defendant overlooks that the plain language of the guideline makes the enhancement applicable. Meaning, the enhancement applies whether the defendant is in mere possession of weapons during the offense conduct or whether he threatened to use the weapons. The possession of dangerous weapons therefore applies here.

It appears the defendant may be attempting to argue that knives are not dangerous weapons by his reference that the car, lug wrench, spare tire, and guitar/strings could also be deemed dangerous weapons. However, undersigned counsel will take it for what it appears – sarcasm. If undersigned counsel misunderstands the argument, we reserve further argument for the sentencing hearing.

B. U.S.S.G. § 2A6.2(b)(1)(E) – pattern of activity involving stalking, threatening, harassing, or assaulting the same victim.

The defendant argues that the sentencing enhancement for a pattern of involving stalking, threatening, or harassing the victim should not apply because it double-counts the base offense conduct given the jury finding. The defendant's argument is misplaced.

As mentioned previously, the base offense level of 18 applies to either stalking

- 3 -

conduct or a single instance of domestic violence. Contrary to the defendant's argument, the base offense level does not account for a pattern of activity involving stalking, harassment, or threats. Rather, the pattern of activity involving stalking and harassment is only addressed by applying the specific offense characteristics listed in subsection (b). The defendant's arguments fail and have no support in fact or law.

At trial, one of the elements the government had to prove beyond a reasonable doubt for the jury to find the defendant guilty of cyberstalking or interstate stalking was that the defendant engaged in "course of conduct." The jury was instructed that a "course of conduct" is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. Because the jury found the defendant guilty of both cyberstalking and interstate stalking, there has already been a jury finding that the defendant engaged in pattern of conduct involving stalking and harassment. Therefore, the Court must apply the sentencing enhancement under (b)(1)(E) to defendant's offense level. Failure to do so would be akin to disregarding the jury verdict that the defendant engaged in pattern of stalking. Similarly, failure to impose the pattern of stalking enhancement would fail to hold the defendant responsible for his egregious conduct against a frail elderly victim.

In sum, the Court should overrule the defendant's meritless objections to the PSR and adopt the guideline calculations in the PSR. The calculations are accurate and supported by the facts, the jury finding, and the law.

II.     Sentencing Recommendation

For the reasons set out below, the United States objects to the extremely inadequate sentencing recommendation contained in the PSR which is two concurrent 24-month terms of incarceration. Specifically, but not exclusively, the United States submits that such a sentence does not appropriately account for the nature and circumstances of the defendant's offense and the history and characteristics of the defendant. Further, such a departure sentence will not provide adequate deterrence to criminal conduct by the defendant or others who cyberstalk victims.

Regardless of any term of incarceration imposed, the Court should impose the

recommended term of supervised release of three years. Relatedly, the United States requests that the Court advise the defendant, both in writing and on the record, that he must report to United States Probation within 72 hours of any release from custody.

The Court should further impose all the conditions of supervision in the PSR, both standard and special terms. Additionally, we request the Court to impose a no-contact order as stated in Special Condition Nine which prohibits the defendant from having direct "or indirect" contact with the victim, his family, or associates. Based on the trial facts, we further move the Court to include as part of Special Condition Nine that the defendant be ordered not to not enter onto any property or properties owned by the victim, D.D., or D.D.'s family, or any business associates of D.D., or occupied by any tenant of D.D., or tenant of D.D.'s family, or tenant of any business owned or managed by D.D. or D.D's family.

The victim is not requesting any restitution, and we are not seeking a fine.

Respectfully submitted this 21st day of August 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/Liza M. Granoff*

LIZA M. GRANOFF
JOSH A.C. ACKERMAN
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 21st day of August 2025 to:

All ECF recipients